J-S24010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIE L. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 332 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 19, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010763-2014

BEFORE:   BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 08, 2020**

Appellant, Willie L. Williams, appeals *nunc pro tunc* from the judgment

of sentence of 3 to 10 years' incarceration, followed by 5 years' probation,

imposed after he was convicted, following a non-jury trial, of possession of a

firearm by a person prohibited, 18 Pa.C.S. § 6105, and carrying a firearm on

a public street in Philadelphia, 18 Pa.C.S. § 6108.   On appeal, Appellant

purports to challenge the sufficiency of the evidence to sustain his convictions.

After careful review, we affirm.

The trial court summarized the facts underlying Appellant's convictions,

as follows:

> On May 16, 2014, Appellant and Marquis Singleton engaged
> in a verbal and physical assault with one another.  Appellant and
> Mr. Singleton's mother, Dionne Jackson, were in a relationship
> with one another and ha[ve] a one[-]year[-]old baby together.

---

[*] Retired Senior Judge assigned to the Superior Court.

Mr. Singleton called the police. Police Officer Rodriguez testified that he arrived at 16th and Ontario [Streets] in the City of Philadelphia at approximately 1:27 AM. When he arrived at the location, he saw Appellant and Ms. Jackson talking to police officers who had already arrived at the scene. After being there for a very short period of time, Mr. Singleton came running around the corner of 16th and Ontario [Streets], excited and agitated. Officer Rodriguez described Mr. Singleton as appearing scared, screaming and running. As he ran around the corner towards the police, Mr. Singleton shouted, "He has a gun." At the same time, Appellant, who was standing on the sidewalk next to the bed of a white Dodge pick-up truck, reached into the bed with his left hand, and from under a tarp in the bed of the van, withdrew a black shotgun. Officer Rodriguez told Appellant to "[d]rop it," and Appellant complied. Officer Rodriguez, who was standing in the street, directly across from Appellant, ran around the back of the truck and arrested Appellant.

Recovered from the bed of the truck by Officer Rodriguez was a Mossberg shotgun with a barrel length of 28 inches. The Firearms Identification Unit of the Philadelphia Police Department tested the shotgun and determined that it was fully operable. Appellant is not licensed to carry a firearm. He is ineligible to have a license to carry a firearm due to a previous conviction for [p]ossession with [i]ntent to [d]eliver….

Ms. … Jackson testified that Appellant was holding their baby while the police handcuffed him and he was arrested. She testified that Appellant did not grab the shotgun and that police were searching "random cars" looking for a gun. She said Appellant did not have a gun.

Trial Court Opinion (TCO), 10/2/19, at 3-4 (citations to the record omitted).

At the close of Appellant's non-jury trial, the court convicted him of the firearm offenses stated *supra*. On January 19, 2017, the court sentenced him to an aggregate term of 3 to 10 years' incarceration, followed by 5 years' probation. Appellant did not file a timely appeal. However, on April 18, 2017, he filed a *pro se* petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, seeking the restoration of his direct appeal rights *nunc pro tunc*.

On January 3, 2019, the court granted Appellant's petition and reinstated his appellate rights.

Appellant filed a *nunc pro tunc* notice of appeal from his judgment of sentence on January 30, 2019. He also complied with the trial court's subsequent order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Therein, Appellant claimed that "[t]he verdicts were contrary to law[,]" because "[t]he testimony of the officer was inconsistent throughout[,]" and "[i]t is contrary to law that [Appellant] would reach into the back of the truck and pull out a gun with uniformed officers all around." Pa.R.A.P. 1925(b) Statement, 9/26/19, at 1 (unnumbered). Appellant also pointed out that he did not own the truck in which the gun was discovered; Ms. Jackson testified he did not possess the gun; and the weapon was never fingerprinted to confirm Appellant had touched it. On October 2, 2019, the trial court filed a Rule 1925(a) opinion.

Herein, Appellant states one issue for our review:

> I. Whether the verdict was insufficient as a matter of law, due to the inconsistency and insufficiency of testimony, and whether the elements of the crime were sufficiently proven given the facts alleged at trial for the … charges [of] … possession of a firearm by a prohibited person (18 Pa.C.S. § 6105) [and] … carrying firearms on public streets or public property in Philadelphia (18 Pa.C.S. § 6108)[?]

Appellant's Brief at 7 (unnecessary capitalization omitted).

Before reviewing the merits of Appellant's issue, we must address the Commonwealth's claim that he waived it by not specifically asserting a sufficiency-of-the-evidence claim in his Rule 1925(b) statement. The

- 3 -

Commonwealth points out that Appellant did not identify his Rule 1925(b) claim as either a sufficiency or weight challenge. That fact, coupled with Appellant's assertion that the verdict was "contrary to law," had led the trial court to conclude that he was attacking the weight of the evidence to support his convictions. *See* Commonwealth's Brief at 5; TCO at 3 n.2 ("To the extent this [c]ourt can discern what issues [Appellant] raises on appeal, this [o]pinion assumes 'contrary to law' is a weight[-]of[-]the[-]evidence argument. This assumption is based on the context of the rest of the [Rule] 1925(b) [s]tatement…."). Thus, the Commonwealth argues that Appellant's present "sufficiency claim is waived because he failed to clearly raise the issue of sufficiency in his Rule 1925(b) statement." Commonwealth's Brief at 5.

We agree. "[A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise statement at all." *Commonwealth v. Seibert*, 799 A.2d 54, 62 (Pa. Super. 2002). Here, Appellant's Rule 1925(b) statement vaguely claimed that the verdict was "contrary to law" because the court should have found Officer Rodriguez's testimony incredible and believed Ms. Jackson's testimony that he did not possess a gun. The trial court properly construed Appellant's claim as an attack on the weight, not the sufficiency, of the evidence. *See Commonwealth v. Bowen*, 55 A.3d 1254, 1262 (Pa. Super. 2012) ("[C]redibility determinations … go to the weight, not the sufficiency of the evidence.") (citation omitted). Accordingly, to the extent Appellant now tries to frame his issue as a sufficiency claim, it is waived for our review.

Moreover, we also agree with the trial court that Appellant's argument, which is properly construed as a weight claim, is waived based on his failure to preserve it as required by Pennsylvania Rule of Criminal Procedure 607(A)(1)-(3) (stating that a defendant must preserve a weight claim "orally, on the record, at any time before sentencing; [] by written motion at any time before sentencing; or [] in a post-sentence motion").  **See** TCO at 5.  In any event, we would conclude that Appellant is not entitled to relief.  Herein, Appellant contends that Officer Rodriguez's testimony that Appellant grabbed the gun should have been disbelieved by the court because Ms. Jackson testified that Appellant did not possess a firearm, and no fingerprint testing was done on the weapon to prove that Appellant had touched it.

We review Appellant's argument, mindful that,

[a] claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence.  It is well[-]settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice.  In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

**Commonwealth v. Houser**, 18 A.3d 1128, 1135-36 (Pa. 2011) (citations and internal quotation marks omitted).

In this case, the trial court rejected Appellant's weight claim, reasoning:

As to the credibility of the witnesses, the [court] was, as the finder of fact, free to believe all, part or none of the evidence presented. The court found credible the testimony of … Officer Rodriguez and the excited utterance of Mr. Singleton [that], "He has a gun." Despite Appellant's claim to the contrary, there was credible evidence from Officer Rodriguez that Appellant touched the gun. Appellant grabbed the shotgun and[,] when the officer told him to drop it, he did. The testimony was not "inconsistent throughout." The court did not find Ms. Jackson's testimony credible. The Commonwealth is not required to show proof of ownership of the gun or the car, nor are they required to present fingerprint evidence that Appellant touched the gun. That it is "contrary to law" that Appellant would grab a gun when there were police officers around is simply not a valid claim, in and of itself. That it is contrary to common sense, perhaps, but the credible testimony established that Appellant nevertheless[] possessed the shotgun, was not licensed to carry it on the streets of Philadelphia[,] and was a person prohibited from carrying a []gun in Pennsylvania. The court did not abuse its discretion or commit an error of law. The verdict does not shock one's sense of justice and[,] therefore, the verdicts are not "contrary to law" and [are] not against the weight of the evidence.

TCO at 7-8 (some quotation marks and internal citations omitted).

Based on the court's discussion, we would discern no abuse of discretion in its rejection of Appellant's weight-of-the-evidence argument. Accordingly, even had Appellant preserved this issue, he would not be entitled to relief.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/8/2020*

- 6 -